UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| NATURE'S FORMULA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-0521 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| LONGEVITY PLUS, LLC d/b/a | ) | [Re: Motions at docs. 13 and 18] |
| LONGEVITY PLUS RNA, | ) | |
| | ) | |
| Defendant. | ) | |

## I.  MOTIONS PRESENTED

At docket 13, plaintiff Nature's Formula, LLC ("NF") moves in the alternative to dismiss the counterclaim filed by defendant Longevity Plus, LLC ("LP"), to strike the counterclaim, or for a more definite statement of the counterclaim.  At docket 18, LP asks this court to consolidate the case at bar with Case No. 2:07-cv-1302 SRB, or to transfer one of the cases such that both are before the same judge.

The motions have been fully briefed.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND

NF's complaint[1] alleges that LP held an exclusive license to a line of RNA based supplements which included manufacturing, distribution, and sub-licensing rights.  NF further alleges that in 2004 it entered an oral contract with LP pursuant to which RNA Food Tech (owned by principals in NF and LP) would sell RNA based supplements to LP on credit with the profits of their resale to be divided between NF and LP and paid bi-weekly as royalty payments.  NF alleges that the oral contract is corroborated by the parties' actual course of dealing over a three-year period.  According to the complaint, on January 11, 2007, Mr. Slaughter, an officer of LP, called Mr. Yasko, president of NF, saying that LP had overpaid on royalties to NF and would be making a determination of the exact amount.  During a second call initiated by Slaughter on January 18, 2007, Yasko demanded payment of overdue royalty payments.  Following further communications which failed to resolve the issues, NF terminated LP's distribution rights on February 2, 2007.  NF alleges that LP continues to sell the RNA supplements from its inventory and is keeping all of the proceeds.

NF's complaint sets forth three causes of action.  The first is for breach of the oral  contract.  The second is for breach of the covenant of good faith and fair dealing implied in the contract.  The third asks the court to declare that NF does not owe anything to LP for overpaid royalties.

---

[1]Doc. 1.

In its answer,[2] LP denies the existence of the oral agreement confirmed by the course of dealing and alleges that instead the parties' relationship was actually controlled by the terms of an agreement between Garry Gordon and Amy Arrow Yasko known as the "Scientific Partnership Agreement."  While denying that NF had an exclusive right to distribute the RNA supplements, LP does admit that it obtained them from RNA Food Tech and that after all costs, the profit was to be split equally between LP and NF.  Denying that LP's distribution rights were terminated and that it wrongfully continued to sell RNA supplements without making payments due to NF, LP alleges Amy Arrow Yasko breached the Scientific Partnership Agreement.  LP acknowledges that neither Gordon nor Yasko is a party to the lawsuit.  LP contends that subject to an accounting, it is owed approximately $470,000 in overpayments to NF.  LP's complaint contains a counterclaim in which it asks the court to declare the parties' respective rights pursuant to the Scientific Partnership Agreement.

NF is a Nevada limited liability company.[3]  LP is an Arizona limited liability company.[4]  The amount in controversy exceeds $75,000.[5]  This court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[2] Doc. 12.

[3] Doc. 1, ¶ 2; doc. 12, ¶ 2.

[4] Doc. 1, ¶ 3; doc. 12, ¶ 3.

[5] Doc. 1, ¶ 1.

### III.  DISCUSSION

**A.  Motion at docket 13**

The motion at docket 13 requires application of Fed. R. Civ. P. 12.  After carefully reviewing the pleadings and the parties' briefing, the court concludes that the appropriate remedy is to require LP to file an amended answer which contains a more definite statement of its counterclaim pursuant to Fed. R. Civ. P. 12(e).  That rule authorizes such relief when a claim is sufficiently vague or ambiguous to impair the ability of the party responding to frame a responsive pleading.  Here, the counterclaim is too vague.  It does not explain how LP could be entitled to relief based on the Scientific Partnership Agreement.  From LP's Answer the most that can be gleaned is that the Scientific Partnership Agreement is a contract between non-parties.  While LP obviously believes that somehow this agreement is relevant, there is utterly nothing to show why or how an agreement between non-parties could control the relationship between the parties.  Furthermore, there is no suggestion as to when the agreement was made, the form it took, or even what was its subject matter.

The court has considered the request to strike the counterclaim.  Fed. R. Civ. P. 12(f) authorizes a court "to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  NF's motion does not attack LP's affirmative defense, nor does it show that the counterclaim is "redundant, immaterial, impertinent, or scandalous."  Rather, the thrust of NF's motion is that the counterclaim is insufficiently clear to permit NF to frame a responsive pleading.  This concern is something to be addressed pursuant to Rule 12(e), not Rule 12(f).

Finally, the court has considered the alternative of simply dismissing the counterclaim.  That is inappropriate, because LP takes the position that somehow the Scientific Partnership Agreement controls the parties' relationship.  Moreover, even under the oral agreement alleged by NF, it is clear that LP believes that it is owed money by NF based upon overpayment.  The fact that the precise amount of the alleged overpayment cannot be determined until an audit has been completed does not necessarily negate a good faith belief that there has been an overpayment in some amount.  The court concludes that it is premature to consider the outright dismissal of a counterclaim by LP against NF for overpayment of royalties regardless of whether the issue is to be determined pursuant to the oral agreement pled by NF or pursuant to the Scientific Partnership Agreement.

**B.  Motion at docket 18**

At docket 18, LP asks the court to consolidate this action with a latter filed case, *Garry Gordon, et al.  v. Amy Arrow Yasko, et al.*, Case No. 2:07-cv-1302 SRB.  The motion is brought pursuant to Fed. R. Civ. P. 42(a), and is based on the premise that the two lawsuits involve common questions of law or fact.  NF has opposed the motion, but not on grounds that there are no common questions of law or fact.  Rather, NF contends that it is premature to consider the motion for two reasons.  First, it contends that if the court grants its motion to dismiss the counterclaim there would be no justification for consolidating the cases.  Second, it contends that the defendants in the later action have not been served with process.

As to the first objection, this court has denied the motion to dismiss the counterclaim.  On the other hand, at least until LP has filed a more responsive

counterclaim, this court agrees that consolidation is premature. However, the idea of placing both cases in front of the same judge is attractive. Either LP will be successful in filing an appropriate counterclaim, thereby likely assuring an overlap of some sort, or further motion practice will instruct the judge in the case at bar regarding the Scientific Partnership Agreement which is central to the second lawsuit. The second concern–that defendants had not been served in the second lawsuit–no longer pertains, because their lawyer has accepted service for them.[6]

The practice generally followed in this district is for the court which has been assigned the earlier case to decide motions of the type pending at docket 18. Following that practice, this court determines that re-assignment of Case No. 2:07-cv-1302 SRB to the undersigned is appropriate. Consolidation of the two cases at this time will be denied without prejudice to a new motion to be filed after LP files an amended answer with a more detailed statement of its counterclaim. The court also encourages the parties to consider whether a stipulated consolidation of the two cases with a new set of consolidated pleadings would be appropriate.

### V.  CONCLUSION

For the reasons above, **IT IS ORDERED**:

(1) The motion at docket 13 is **GRANTED** in part such that on or before 20 days from the date this order is filed, defendant shall file an amended answer which includes a

---

[6]2:07-cv-1302 SRB, docs. 10 and 11.

more definite statement of its counterclaim, and **DENIED** with respect to all further relief sought in the motion.

(2) The motion at docket 18 is **GRANTED** in part such that the **Clerk of Court** will please reassign Case No. 2:07-cv-1302 SRB, *Garry Gordon, et al. v. Amy Arrow Yasko, et al.*, to the undersigned for all further proceedings, and henceforth the case shall be known as Case No. 2:07-cv-1302 JWS; and **DENIED** without prejudice as to consolidation of the two cases.

(3) The parties shall consider whether a stipulated consolidation of the two lawsuits to be pursued based on a new consolidated set of pleadings would be appropriate. The court would be inclined to approve any reasonable schedule for the completion of a new set of pleadings which the parties might care to present.

DATED at Anchorage, Alaska, this 14th day of November 2007.


                              /s/ JOHN W. SEDWICK
                              UNITED STATES DISTRICT JUDGE